IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SUPREME PROPERTY GROUP LLC, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:23-CV-179-CDL-MSH |
| EMANUEL RESTO, | : | |
| Defendant. | : | |

**ORDER**

On October 19, 2023, Defendant removed a dispossessory warrant (ECF No. 1) to this Court. On the same day, Defendant also filed an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court found Defendant failed to provide sufficient information for the Court to determine whether he qualified to proceed IFP, so it ordered Defendant to recast his motion for leave to proceed IFP (ECF No. 4). Because Defendant did not file a recast motion, the Court denied Defendant's original motion for leave to proceed IFP and ordered Defendant to pay the filing fee within seven (7) days (ECF No. 5).

The time for compliance passed without a response from Defendant. The Court thus ordered Defendant to respond and show cause why his action should not be dismissed for failing

to comply with the Court's previous orders and instructions. Defendant was given seven (7) days to comply, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his action. *See generally* Order, Nov. 28, 2023, ECF No. 6.

The time for compliance has again passed without a response from Defendant. Because Defendant has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

SO ORDERED, this 14th day of December, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.